Murdock, /., dissenting: The findings of fact in this case show that the radio corporation stock was practically worthless, or at most worth only a nominal amount, in 1931, so that the separate property which the petitioner had in the 390 shares of stock of that corporation was worth little or nothing at that time. The petitioner devoted all of his time and energies to the operation of the radio corporation from 1931 to 1936. It is found as a fact that the increase in value of the stock from a nominal amount in 1931 to almost $800 a share in 1936 was due primarily to the petitioner’s services and his management of the business. He was a mémber of the community during that period. Thus, this increase in value was due primarily to the industry, skill, and activities of the community, and under the community property law of California proceeds of the sale of the 76 percent of the stock of the corporation owned by Earl and his wife would all be community property except that Earl should have returned to him as separate property the value of his 390 shares at the time the community took over management of the property in 1931, plus a reasonable return on that amount, including any natural increase in the value of those shares not due to the activities of the community. This, I think, would be a different amount of separate property than is determined under the majority opinion in this case, in which undue emphasis is placed upon the source of the few dollars representing the cost and value of the shares in 1931. Disney and HaRron, JJ., agree with this dissent.